I believe. Thank you. Thank you. Thank you. Thank you.  Thank you. Thank you.  All right. Mr. Fields, you have reserved two minutes for rebuttal. Yes, Your Honor. Thank you. May I please correct, my name is Darryl Fields and I represent Frank James. I'd like to focus on the obstruction and acceptance issues, which both turn on the question of whether Mr. James committed perjury when he pleaded guilty. We submit that even assuming that the district court didn't err in finding that at the time of the crime, Mr. James had an intent to kill, that finding is insufficient to support the conclusion that he committed perjury later at the guilty plea when he denied having that intent. The guilty plea was much, months later, months after the crime, and Mr. James has a lifelong history of serious mental illness. The pre-sentence report confirms that he's been on disability since age 50 because of his schizophrenia, and he was 62 at the time of the crime. But wait, I'm not sure I'm following that argument. You're saying that the elements of perjury are not met because of his history of mental illness? I'm saying that- The obstruction is because of perjury, right? Under oath. The obstruction- You said something that was false, material, and intentionally stated. Those are the elements for perjury, right? That's right. That's right. Okay, so which of those elements are you disputing in this record? All of them. In this case, all of them are perjury. Okay, but- Yes, Your Honor. All of them. All the perjury elements. The perjury is supposedly if taken place at the guilty plea in January of 2023, but the district court's findings of the perjury are based on his finding that at the time of the crime in April 2022, the defendant intended to commit to kill the people. That's what his finding about the lie is based on. His findings go to falsity, so this is inconsistent. What he's saying is that an intention to harm or injure as opposed to kill is not consistent with the facts of the crime, so that goes to false. He says it's false. I mean, he finds it's false because he finds that he had the intent in April 2022, but this court has said that when obstruction is based on perjury, that a court has to look at the federal perjury statute. That statute provides that in order for you to violate the federal perjury statute, 1621, the record has to show that the oath taker stated or subscribed to a matter that the oath taker does not believe is true. Can I just ask you to clarify, are you saying that these seem to be factual findings? Are you saying they're clearly erroneous, or are you saying the judge didn't make adequate findings? That maybe there's enough in the record to support the finding, but he didn't make the  Because you started by saying the findings, and we're challenging the findings. Yes. But the court finds- Can you be specific? Are you challenging this as a factual matter and saying the district court clearly erred? I'm challenging it as a factual matter and as a legal matter, because the court is finding perjury- So tell me which is the legal matter. What's the- Because the court is basing the conclusion that Mr. James did not believe what he was saying at the guilty plea based on its determination that at the time of the crime in April 2022, Mr. James intended to commit- So you're saying that the district court- Tell me if I'm accurately characterizing this part of the argument. Are you arguing that the district court failed to find that at the time of the plea he was lying? Were you saying that the record does not support a finding that the court made that at the time of the plea he was lying? I'm saying the record does not support the district court's finding because the district court's finding that Mr. James was lying when he pled guilty in January of 23 is based on the court's conclusion that months earlier when he committed the crime, when this mentally ill person committed the crime- So that's always the first part, right? If you're going to find that a defendant lied about his intent when he committed the crime, you've got to start as a logical matter by making a factual finding about what the defendant's intent was at the time of the crime, right? No, Your Honor. You have to find that. No, Your Honor. It has to, under 1621, at the time the person makes the statement, and here the statement was made, it's a guilty plea in January 2023. At that time, the evidence has to show that he does not believe what he's saying. Well, right, but it also has to be false. I mean, if it was true that at the time he didn't mean to hurt anybody, right? Yes. Then it wouldn't be perjury. Yes. But he has to-  The first thing he's got to figure out is, because the question is, did he lie about what his intent was at the time of the shooting? No. Did he lie, it is a guilty plea in 2023, about what his intent was months earlier? So the first thing he's got to do is figure out what his intent was, and then figure out if what he said is consistent with it, and then he's got to figure out whether he subjectively believed what he was saying. Well- It's got to be false. Well, now, the way I read the statute is the critical event for obstruction is a guilty plea. It's what happened at the guilty plea. What there has to be is evidence that, quote, he does not, that Frank says something he does not believe to be true. So you have to- You're looking at- Unless there's an admission, there can't be a perjury enhancement for statements made at a guilty plea. No. The focus has to be on what he believes. The court-  So how would one prove that? Could have asked him more questions when he said he didn't have the intent. The- Mr. Frazier, given- Short of an admission, you're saying you couldn't, this couldn't be established. If you don't have the evidence, you don't have the evidence. This is a mentally ill person. I have a similar question. If somebody, if a defendant testifies at trial and says, I didn't commit the crime- Yes, Your Honor. And the jury convicts, and it's sentencing, the judge makes a determination that, based on the evidence, did commit the crime, jury finding, committed the crime. What additional things does the judge need to say to conclude that it was perjury and  Well, the issue is what that defendant believed. And here we're talking about a seriously mentally ill person. That's schizophrenic. He has delusions, occasionally hallucinations, it affects his whole life. Did he have the capacity to have the relevant intent? No, he had the intent to commit the crimes. He admitted to all these crimes. It's- No, wait a minute. The question is, did he- I thought, hang on, I thought you admitted that he had the intent to substantially injure people. That is a- But now you seem to be suggesting, and that was fine, he had all the mental capacity in the world to try to send all these people to the hospital, but he lacked mental capacity to want to kill them. And that's what I don't understand. No, no. No, he has to, at the time of the guilty plea, when he's reflecting on what he believed months earlier, and this is a seriously mentally ill person, he's not, it's not that I say Mr. Frank is deranged because he's lived this terrible life, so he must be deranged. I'm sorry, I think I see where you're going with this, tell me. You're saying he had, his mental illness did not stop him from having mental capacity to want to put all these people in the hospital under a hail of bullets, but he did lack mental capacity to remember what his mental state was at the time of the plea? There is no evidence that, well, one second- Is that what he's lacking mental capacity for, just the remembering what his intent was? Yeah, let me just- No, hang on, just tell me that. Yes or no? I'm sorry, could you repeat that? Okay, you seem to, hang on, let me restate it, and let me just hear you, if you can answer the question, great. It seems to me you're arguing, yes, he had mental capacity to form an intent to substantially injure people when he was shooting in the car, right? That's point one, right? He has no legal defense, he doesn't have an insanity defense of any kind. Okay, so then the second point is you're saying he did, however, lack mental capacity at the time of his plea to accurately remember what his mental state was at the time of the shooting? Is that where the mental capacity problem comes in? It's his, there has to be evidence of his subjective belief. What is the problem, though? Can you just answer me? There is no evidence of his subjective belief in January of 2023, there's no evidence. Let's just try one more time. There's no evidence that he doesn't- I'm looking to answer my question. You keep rephrasing it in different ways, and I understand, and I just want to answer this. Yes, go ahead. I'm sorry about it. Are you arguing that he lacked the mental capacity at the time of his guilty plea to remember what his subjective intent was at the time of the shooting? Legally, did he, as a legal matter? What I'm saying is there's no evidence. We can't tell one way or another, because it's what he believed. I was hoping that you would actually have answered my question, so. I beg your pardon, but the question is what did he believe is subjective? We understand that, we understand that. What you're saying is absent- I'm sorry. Wait, let me finish. What you seem to be saying is that without direct evidence contradicting his statement, there can be no conclusion of his subjective intent. I'm saying- You're saying there's no such thing as circumstantial evidence on this? Oh, there could be circumstantial evidence. You could question him, and based on his answers, there's no- The judge isn't talking about the demeanor evidence or anything, and I'm sorry, Judge But perhaps I didn't grasp your question well enough. It's what he thinks. He has the capacity- Okay. You've got two minutes for rebuttal, Mr. Fields. I'm sorry. We understand that- It is- We understand- In his troubled mind, did he remember that he intended to kill, even if that's what he intended?  Okay. Thank you. Ms. Winick? Good afternoon, Your Honors. May it please the Court. My name is Sarah Winick, and I represent the appellee, the United States government, who I also represented in the proceedings below. In response to James' counsel's argument just now, as this Court made clear in United States v. Young, the Court is entitled to rely on circumstantial evidence and make all reasonable inferences drawn from that evidence in finding whether a defendant committed perjury. Here the District Court made the specific finding that the defendant willfully made the false statements intentionally to receive a lower sentence, and that is Appendix page 328. Here the record showed that James had a very carefully calculated strategy to get a lower sentence. The defendant's carefully worded allocution pled to the baseline, bare essential elements of the statute, and then he affirmatively lied. And this case is analogous to United States v. Sweeney, which is a Second Circuit case where the defendant lied and said that he only drove a getaway car and did not actually enter a bank during a bank robbery. And the Court found there that the false statement, if believed, would influence the sentence. And that's exactly what happened here in James' allecution. Can I ask you a hypothetical? Yes, Your Honor. What if during the plea colloquy, the defendant had not said everything that he said? And that he said, I admit at the time of the shooting that I intended to cause substantial injury to any number of people, but upon advice of counsel, I'm not saying anything further because all I'm doing is providing a factual basis. And just stop. If the defendant had not said the further statement, I did not intend to kill anyone. If that had been the case, based solely on the plea allocution, would the District Court have been allowed to deny acceptance? I believe the District Court would still have been allowed to deny acceptance of responsibility based on the findings. The defendant did intend to commit murder. In that instance, I probably don't think the government would have asked for, the Court would have applied the obstruction of justice enhancement. That's what I mean. For the obstruction. The judge could always make findings about what his actual intent was, but could he have found that he committed perjury and therefore obstructed justice? I think you answered that. I don't believe he would have committed perjury, Your Honor, because he didn't affirmatively lie. Here, the defendant affirmatively lied about a material element of the statute. I suppose the District Court could have still imposed the obstruction enhancement for frivolously denying relevant content. What would have been relevant conduct, though? It would have been offense conduct. I still don't think it would have necessarily been obstruction. I guess it could have lied about the relevant conduct, but I don't think it would have amounted or risen to obstruction of justice here the way the defendant's affirmative false statement at the plea allocution did. Just jumping off that, I mean, obviously you see frequently the allocution is something that is scripted by counsel, presumably, with the idea of protecting the defendant's rights as much as possible given the need to allocute to the elements. The distinction between what Judge Nardini just described, which you, I think, rightly conceded the government couldn't seek an obstruction in this, is pretty thin. Sometimes district judges will say, I see that you've read what you just said to me on a piece of paper. Do you understand what you say? Do you agree with everything you say? There wasn't any kind of colloquy like that here, was there? There wasn't, Your Honor, but respectfully, I don't think the line is necessarily very thin. Here, the defendant could have just done, allocated to the bare elements of the statute and then stopped. But he chose not to do that. He chose to affirmatively lie to the court about something that he believed would make his sentence lower. So he could have, even if he said, I'm not going to say anything, if he had said intent to cause injury, but didn't affirmatively say, I didn't intend to kill anyone, you're saying that's a line, but it's not a fine line. I believe that, Your Honor, yes. And given the deferential standard of review, I don't believe it can be said that the district court clearly erred in finding that the defendant committed perjury or lacked the intent or that that finding would be without foundation. And unless there's any further questions from the panel, I'm happy to rest. All right. That's fine. Thank you. All right, Mr. Fields, you have two minutes for rebuttal. Yes, Your Honor. The court's ruling on the obstruction is on 7 to 9 of the sentencing. And all the court does is rely on, basically, the conclusion that the governor presents a plethora of evidence that at the time of the crime, Mr. James had intent to kill. There's no reference to anything about his conduct at the guilty plea, no demeanor evidence to say he wasn't questioned. And this is a seriously mentally ill person. In the ordinary case, if a person like me did some deranged crime, but I have no history of mental illness, I have no, I'm not schizophrenic, I don't have delusions, I haven't been troubled by it my whole life, if you ask me to think about what my motivation was months earlier when I did this terrible thing, I'm, and it was different, you could assume I was lying. The ordinary rational, for the ordinary rational person, you can probably make that assumption, but this is not an ordinary rational person. And this person, Mr. Frank James, he admitted to all the elements of the crime. He saved the government the time and expense of trial. His plea was accepted. I suppose what you're saying there is, absent the mental illness, this is an available inference from what he said at the plea, but then, I mean, wouldn't it be, wouldn't you, wouldn't defense counsel in a FATACO hearing need to make an, put on evidence and make an argument about how that inference shouldn't be drawn here because of his mental illness? Two things. One, the burden is on the government to prove that the power is there. Right, but if the inference is available, presumably that could lead to the provider and standard being met. And Your Honor, we submitted evidence from a psychiatrist, he had a, and he also had a neuropsychological evaluation, and the precedence report confirms that he is a schizophrenic. His schizophrenia, he's, causes him to be disabled. But the tricky part is that you're, you're not suggesting that he didn't have the mental competence to enter the plea. No. You're saying he didn't have the mental competence to embellish during the plea to say that he didn't mean to kill anybody. I'm, so. That's, I mean, I'm curious, is there any, is there any authority to suggest that that mental illness works that way? No, I'm not arguing anything that broad, Your Honor. I'm just saying, look at 1621. The facts have to show that the oath taker subscribed or stated something on a material matter, which he does not believe. There's no record here that he didn't believe what he told the judge, that he didn't believe that I committed these crimes, terrible crimes. What do you admit to as terrible? To walk into a subway and shoot a lot of people, intending to cause them serious bodily injury, is a terrible, horrible crime. I accept the objective evidence suggested that his denial was entirely implausible. And why can a district court not say that what you just stated is so wildly implausible and so wildly incongruent with what you did that I don't believe you? That's what district judges, fact finders do every day. To say you have claimed that you believe something that is utterly inconsistent with your actions. But he's not a person with an ordinary mind. He's a person who's delusional. He could believe that. And Your Honor, I'm just saying, our argument is just, even assuming the district court did an error, we're not conceding that the evidence is overwhelming, that point is still in the brief and we still fight that. I'm just saying, even assuming that that finding was an error, that that's not sufficient to show that months later, this mentally ill person at the guilty plea did not believe what he told the judge. Okay, thank you both. We will reserve decision.